UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD FRANK MUISE,<br><br>Defendant. | Case No. 2:14-cr-00037-APG-NJK<br><br>**ORDER TEMPORARILY STAYING CASE** |

On June 27, 2016, the Supreme Court granted certiorari in *Beckles v. United States*, Case Number 15-8544, to decide, in relevant part, whether the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015) applies to the residual clause of the career offender guideline in United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2(a)(2), and if so, whether *Johnson's* invalidation of the residual clause applies retroactively on collateral review. On November 28, 2016, the Supreme Court heard oral argument in *Beckles* and the case was submitted for review. Given this development and *Beckles's* direct relevance to the pending motion in this case, I will stay all proceedings in this case pending the Supreme Court's decision in *Beckles*.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether to stay a case pending the resolution of another case, I must consider (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). I find that a *Landis* stay is appropriate here.

The core of the defendant's argument is that (1) the Supreme Court's decision in *Johnson* applies to the residual clause of the career offender guideline, (2) *Johnson's* invalidation of the residual clause applies retroactively on collateral review, and (3) thus the defendant is entitled to collateral relief pursuant to 28 U.S.C. § 2255. The *Beckles* decision is almost certain to determine whether *Johnson* can provide collateral relief to defendants who are challenging their career offender guidelines sentences. Therefore, the Supreme Court's decision in *Beckles* is likely to be dispositive of this case, or at least dispositive of significant issues.

I have numerous cases in which defendants have filed § 2255 motions challenging their career offender guidelines sentence and seeking collateral relief based on *Johnson* and its progeny. Staying this case pending the Supreme Court's decision in *Beckles* will permit the parties to present arguments and evidence in the context of complete and resolved precedent, and it will allow me to evaluate the claims in light of this legal authority. Consequently, a stay pending the decision in *Beckles* would simplify the proceedings and promote the efficient use of the parties' and the court's limited resources.

Resolving the defendant's motion before the Supreme Court decides the issues presented in *Beckles* could also impose a hardship on both parties. A stay will prevent unnecessary and premature briefing on the issues before the parties have the benefit of the Supreme Court's legal analysis and decision.

The only potential damage that may result from a stay is that the defendant and the Government will have to wait longer for resolution of this case. But a delay would also result from the new briefing that would very likely be needed after the Supreme Court issues its decision in *Beckles*. So a stay pending the decision will not necessarily lengthen the life of this case. Thus, any possible damage that a stay may cause is minimal.

The stay pending the decision will also not be indefinite. The length of this stay is tied to the Supreme Court's issuance of its decision in *Beckles*, a case which has already been argued and submitted to the Court and will be decided this term. Once the decision is issued, either party may move to lift the stay.

IT IS THEREFORE ORDERED this case is **STAYED** until the Supreme Court issues a decision in *Beckles v. United States*, Case Number 15-8544. Once the decision issues, any party may move to lift the stay.

DATED this 21st day of December, 2016.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　ANDREW P. GORDON
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE